# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **DARRELL WALLACE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-4853 |
| | § | |
| **MARTIN O'MALLEY,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Plaintiff Darrell Wallace's ("Plaintiff") Motion for Clarification and Amendment of Remand Order. (ECF No. 15). Based on a review of the motion and relevant law, the Court **RECOMMENDS** Plaintiff's Motion for Clarification and Amendment of Remand Order (*id.*) be **DENIED**.

Plaintiff filed this lawsuit against Defendant Martin O'Malley ("Commissioner") seeking review of the denial of disability benefits under Title II of the Social Security Act. (ECF No. 1). The parties filed cross motions for summary judgment. (ECF Nos. 6, 9). On October 3, 2024, this Court issued a Memorandum and Recommendation (ECF No. 14), recommending Plaintiff's

---

[1] On June 14, 2024, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 8).

Motion for Summary Judgment (ECF No. 6) be granted in part as to Plaintiff's argument regarding the Administrative Law Judge's ("ALJ") decision on Plaintiff's medical improvement and denied in part as to Plaintiff's remaining arguments. (ECF No. 14 at 25–26). Similarly, the Court recommended Commissioner's Motion for Summary Judgment (ECF No. 9) be denied in part as to the ALJ's decision on Plaintiff's medical improvement and granted in part as to Plaintiff's remaining arguments. (ECF No. 14 at 25–26). The Court further recommended the case be remanded for further administrative proceedings, consistent with this opinion. (*Id.* at 26).

On October 17, 2024, Plaintiff filed his Motion for Clarification and Amendment of Remand Order, stating he "needs to fully understand what issues can be fully considered on remand."[2] (ECF No. 15 at 1). In their response, Commissioner notes "[t]he regulations, 20 C.F.R. § 404.983(a), state that, when a case is remanded by a Federal court, 'Any issues relating to the claim(s) may be considered by the Appeals Council or administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in the case.'" (ECF No. 16 at 1). Commissioner is correct.

---

[2] To the extent Plaintiff intended his Motion for Clarification and Amendment of Remand Order to function as his objections to this Court's Memorandum and Recommendation (ECF No. 14), those objections fall under the purview of United States District Court Judge Andrew Hanen.

*See Maricle v. Comm'r of Soc. Sec.*, No. 3:20-cv-149, 2022 WL 966830, at *5 (N.D. Miss. Mar. 30, 2022) (declining to assess one of plaintiff's issues because the court found cause to remand the case as a result of a different issue and noting that, "when a case is remanded from federal court, the ALJ may consider any issues relating to the claim").

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Motion for Clarification and Amendment of Remand Order (ECF No. 15) be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on December 10, 2024.

_____
Richard W. Bennett
United States Magistrate Judge